**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

ALICE DAVIS                                                                                    PETITIONER

VS.                                                       CIVIL ACTION NO.: 1:13-cv-175-SA-JMV

OKTIBBEHA COUNTY, et al.                                                          RESPONDENTS

**MEMORANDUM OPINION**

This matter is before the court on motion of Respondent Oktibbeha County pursuant to 28 U.S.C. § 2244(d),[1] to dismiss the Petition for Writ of Habeas Corpus. Having considered the matter, the court finds the motion is well taken as explained hereafter.

28 U.S.C. § 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for

---

[1] Rule 4 of the Rules Governing §2254 Cases allows for a response other than a formal answer, as described in Rule 5, and explicitly states that, if the judge does not preliminarily dismiss the petition, "the judge must order the respondent to file an ***answer, motion, or other response*** within a fixed time." (Emphasis added). Further, the Rule 4 Advisory Committee Notes acknowledge that "Rule 4 authorizes the judge to 'take such other action as the judge deems appropriate,'" and specifically address the filing of a "motion to dismiss."

> State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Accordingly, unless the narrow exceptions of § 2244(d)(1)(B-D) apply, the AEDPA requires that a petitioner's federal habeas corpus petition be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See, e.g., Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 847 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson,* 154 F.3d 196, n.1 (5th Cir. 1998) (§ 2244(d)(2) requires federal courts to toll the time spent in state court post-conviction litigation). Petitioner bears the burden of raising and showing that one of the narrow exceptions of § 2244(d)(1)(B-D) apply to his case. Here, petitioner has wholly failed to do so, and as a result, the court will determine whether the petitioner filed her petition within one year of a final judgment of conviction under 2244(d)(1)(A).

The Petitioner, Alice Davis, is in the custody of Mary Pippins, Warden of the Washington County Regional Correctional Facility in Greenville, Mississippi. Davis entered a guilty plea to one (1) count of sale of cocaine in the Circuit Court of Oktibbeha County, Mississippi. On May 6, 2008, she was sentenced to serve twenty-four (24) years in the custody of the Mississippi Department of Corrections (Circuit Court No. 07-199-CR). (At that time, two (2) additional counts were retired to the files). By statute, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101.[2] Therefore, Davis' judgment became final on June 5,

---

[2] At one time, the Mississippi Supreme Court had carved out an exception, allowing an appeal from a guilty plea within thirty (30) days when the issue concerned an alleged illegal sentence. *See Burns v. State*, 344 So.2d 1189 (Miss. 1977); *Trotter v. State*, 554 So.2d 313 (Miss. 1989); *Berry v. State*, 722 So.2d 706 (Miss. 1998); *Campbell v. State*, 743 So.2d 1050 (Miss. App. 1999); and *Acker v. State*, 797 So.2d 966 (Miss. 2001). The Mississippi Court of Appeals has since recognized that this exception no longer applies to guilty pleas taken after the July 1, 2008, effective date of the new amendment to Mississippi Code Annotated section 99-35-101 (Supp.2009). *Seal v. State*, 38 So.3d 635 (Miss.Ct.App. 2010). As the Petitioner's plea was entered before July 2008 she has been afforded the benefit of the additional thirty (30) days in calculating the finality of her

2008, and her federal habeas petition was due by June 5, 2009.

If Davis filed a "properly filed" application for post-conviction relief ("PCR") as contemplated by 28 U.S.C. § 2244(d)(2) on or before June 5, 2009, it would have tolled the limitations period. *See Grillete v. Warden,* 372 F.3d 765, 769 (5th Cir. 2004); *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). Rather, Davis filed a letter, which the court treated as a Motion for PCR, in the Oktibbeha County Circuit Court on February 25, 2010 (signed February 9, 2010). That court filed an order on March 10, 2010, dismissing the motion (Circuit Court Case No. 2010-0076-CV). According to the records of the Mississippi Supreme Court Clerk's Office, Davis did not appeal the trial court's dismissal of the motion to that Court. As Davis' motion was filed after the expiration date, she is not entitled to any statutory tolling of the AEDPA's statute of limitations for the pendency of the post conviction motion.[3]

Under the "mailbox rule," a Petitioner's *pro se* federal habeas petition is deemed filed on the date that she delivered the petition to prison officials for mailing to the district court.

---

judgment.

[3] The petition could alternatively be dismissed with prejudice for failure to exhaust state court remedies. "A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b) prior to requesting federal collateral relief." *Sterling v. Scott,* 26 F.3d 29, 30 (5th Cir. 1994). To satisfy the exhaustion requirement, a federal habeas applicant must generally present his claims to the state's highest court in a procedurally proper manner and provide the high state court with a fair opportunity to pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 67 USLW 3682 (1999); *see also Carter v. Estelle,* 677 F.2d 427, 442-44 (5th Cir. 1982), *modified on other grounds*, 691 F.2d 777 (5 Cir. 1982), *cert denied*, 460 U.S. 1056 (1983); *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1989).

According to the records of the Mississippi Supreme Court Clerk, Davis has never properly submitted her claims to the state's highest court for judicial review. "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment. *Duncan v. Walker*, 533 U.S. 167, 178-79, 121 S.Ct. 2120, 2127-28 (2001) (citing *O'Sullivan v. Boerckel*, *supra*). However, there is no opportunity available for the Petitioner to present her claims to the state court in which such claims would be deemed procedurally proper. *See* Miss. Code Ann. §99-39-29. Consequently, Davis has technically exhausted the claims in the instant petition and those claims are considered to be procedurally defaulted. *See Jones v. Jones*, 163 F. 3d 285, 296 (5th Cir. 1998) (citations and internal quotation marks omitted) ([W]hen federal habeas claims are technically exhausted because, and only because, [petitioner] allowed his state law remedies to lapse without presenting his claims to the state courts . . . [,] there is no substantial difference between nonexhaustion and procedural default.); *see also Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) (If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief).

When state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims. *Sones v. Hargett*, *supra*; *see also Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) (an inmate's failure to present claims to the proper state court creates a procedural default for purposes of federal habeas review). Accordingly, because Davis has defaulted the grounds raised in the instant petition, by failing to appeal the trial court dismissal of her motion for post-conviction relief, federal habeas review of these claims is alternately precluded.

*Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). The instant habeas petition was signed on September 12, 2013, and was stamped "filed" in this case on September 19, 2013. As such, the Petitioner's habeas petition was filed some 1,560 to 1,567 days beyond the June 5, 2009, deadline for filing her federal habeas petition. The Petitioner has given no valid explanation for the tardiness of her federal habeas petition, and she fails to present any "rare and exceptional circumstance" as to invoke equitable tolling of the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 & n.3 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000)*; Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Indeed, petitioner has not responded in opposition to the instant motion to dismiss. Because Davis' petition was filed too late, and because she cites no "rare and exceptional" circumstance to warrant equitable tolling, the petition must be dismissed with prejudice pursuant to the one-year statute of limitation provision of the AEDPA.

The instant petition will thus be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 28th day of May, 2014.

                                               **/s/ Sharion Aycock**
                                               **U.S. DISTRICT JUDGE**